FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA
2001 FEB -9 PM 3:00
FEB - 9 2001
LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| WILLIAM WESLEY ALDEN, M.D. | * | CIVIL ACTION NO. 01-0371 |
| VERSUS | * | SECTION "J" SECT. J |
| ALLIED ADULT AND CHILD CLINIC, L.L.C., GULF COAST MEDICAL CONSULTANTS, L.L.C., BARRY L. BORDONARO, M.D., PHILLIP A. JONES, M.D., AND FRANCIS G. DALY, M.D. | * * * | MAG. (3) MAG. 3 |

* * * * * * * *

## COMPLAINT

The Complaint of William Wesley Alden, M.D., through undersigned counsel, respectfully represents:

1.

This Honorable Court has jurisdiction over plaintiff's claims pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

2.

Plaintiff's cause of action arises under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961, et. seq., and under Louisiana state law.

3.

Named Defendant herein is Allied Adult and Child Clinic, L.L.C. (hereinafter "Allied"), upon information and belief an LLC in good standing which is domiciled in Orleans Parish, State of Louisiana.

Fee 150.00
Process SK(5)
X Dktd SK
CtRmDep
Doc.No. 1

4.

Named Defendant herein is Gulf Coast Medical Consultants, L.L.C., (hereinafter "Gulf Coast"), upon information and belief an LLC in good standing which is domiciled in Orleans Parish, State of Louisiana.

5.

Named Defendant herein is Barry L. Bordonaro, M.D., (hereinafter "Dr. Bordonaro"), a competent major upon information and belief domiciled in Orleans Parish, State of Louisiana.

6.

Named Defendant herein is Phillip A. Jones, M.D., (hereinafter "Dr. Jones"), a competent major upon information and belief domiciled in Orleans Parish, State of Louisiana.

7.

Named Defendant herein is Francis G. Daly, M.D., (hereinafter "Dr. Daly"), a competent major upon information and belief domiciled in Orleans Parish, State of Louisiana.

8.

Dr. Bordonaro was at all times pertinent hereto acting with actual and apparent authority as an agent of Allied, of which Dr. Bordonaro served as medical director.

9.

Drs. Daly and Jones were at all times pertinent hereto acting with actual and apparent authority as agents of Gulf Coast, of which the served as medical directors.

10.

In August, 1999, Plaintiff, a physician, contracted orally with Allied, through Dr. Bordonaro, such that Plaintiff would act as a staff physician at Allied at their Canal Street Clinic.

11.

Allied and Gulf Coast both conduct businesses treating patients, a majority of whom, if not all, are referred to Allied and Gulf Coast by personal injury plaintiff's lawyers.

12.

In the course of his duties with Allied, Dr. Alden treated a number of these referred patients.

13.

For a period between January 17, 2000 and February 11, 2000, Dr. Alden, in the course of treating patients at Allied, discharged several patients that stated they no longer had any musculoskeletal pain or immobility for which they had been treated. Such a decision, which should be borne by the treating physician alone, is clearly dictated by AMA Principals of Medical Ethics.

14.

During this same period of time, several different attorneys who had referred patients to Allied and whose clients had been treated by Dr. Alden called and complained that their clients had been discharged too soon.

15.

These same attorneys insisted that their clients should continue to receive medical treatment, regardless of the patient's medical condition; evidently for the purpose of inflating the value of a personal injury claim. These same attorneys further stated that they would cease referring personal injury cases to Allied if Dr. Alden remained as their client's treating physician.

16.

Allied employees, acting pursuant to the direction of Dr. Bordonaro, brought these concerns to the attention of Dr. Alden. Dr. Alden stated that he could not treat patients who no longer required treatment, and refused to do so. Dr. Alden was then informed by Dr. Bordonaro that Allied was immediately ending its association with him.

17.

These attorneys, whose identities are not yet known, conspire with Allied and Gulf Coast to inflate unnecessarily the amount and cost of health care provided to patients of Allied and Gulf Coast, for the purpose of increasing the value of personal injury claims.

18.

Following his release from Allied, Dr. Alden was offered a position at Gulf Coast, a medical group co-directed by Drs. Jones and Daly. This offer was revoked after Allied contacted Gulf Coast regarding Allied's dispute with Dr. Alden.

19.

Upon information and belief, Gulf Coast engages in a similar practice to that of Allied of providing medically unnecessary treatment and thereby over-inflating medical costs for patients referred to Gulf Coast by personal injury attorneys.

20.

The cost of this medically unnecessary treatment is borne in part by one or more insurance companies which are engaged in interstate commerce.

21.

The practice of providing and billing for medically unnecessary treatment has adverse effects on interstate commerce.

22.

Allied and Gulf Coast are both enterprises which receive most or all of their revenue either directly or indirectly from one or more insurance companies engaged in interstate commerce; therefore the activities of Allied and Gulf Coast effect interstate commerce.

23.

Dr. Bordonaro is associated with and/or employed by Allied as its medical director.

24.

Drs. Daly and Jones are associated with and/or employed by Gulf Coast as medical directors.

25.

The practice of billing patients and/or insurance companies for medically unnecessary treatment constitutes a pattern of racketeering activity and/or the collection of an unlawful debt, as defined in 18 U.S.C. § 1961, et. seq.

26.

It is unlawful under Louisiana state law for an employer to discharge, demote, suspend, threaten, harass, or discriminate against an employee in any manner in the terms and conditions of his employment or to threaten, harass, or discriminate against an individual in any manner because of any lawful act engaged in by the employee/individual in furtherance of preventing health care fraud and abuse. LSA - R.S. 46:440.3.

27.

Allied's release of Dr. Alden for failing/refusing to participate in acts which constitute health care fraud and abuse was unlawful under LSA - R.S. 46:440.3(A).

28.

Gulf Coast's revocation of an offer to Dr. Alden for failing/refusing to participate in acts which constitute health care fraud and abuse was unlawful under LSA - R.S. 46:440.3(B).

29.

When he took a position with Allied, Dr. Alden reasonably contemplated that he, rather than referring attorneys, would possess final authority regarding the medical treatment of Allied patients who were assigned to him.

30.

Dr. Bordonaro fraudulently induced Dr. Alden to work with Allied to further Allied's unlawful practice of billing for medically unnecessary treatment, in that Dr. Bordonaro expected Dr. Alden to engage in that practice, although Dr. Bordonaro did not inform Dr. Alden of this expectation until the day Allied ended its association with Dr. Alden.

31.

Dr. Bordonaro and Allied terminated the relationship with Dr. Alden for the specific purpose of removing Plaintiff from continuing to have access to information about Defendants' unlawful activities, to intimidate Plaintiff, and was an act to maintain control of, conduct and further the enterprise.

32.

All defendants conspired to revoke the Gulf Coast offer to Dr. Alden for the specific purpose of preventing Plaintiff's access to information about Defendants' unlawful activities, to intimidate him, and was an act to maintain control of, conduct and further the enterprise.

33.

Drs. Jones and Daly participate and conspire with Dr. Bordonaro in the activities, lawful and unlawful, of Allied; including, but not limited to, Allied's association with and termination of the Plaintiff.

34.

Dr. Bordonaro participates and conspires to participate with Drs. Jones and Daly in the activities, lawful and unlawful, of Gulf Coast; including, but not limited to, Gulf Coast's sudden revocation of an offer of a position with Gulf Coast to Dr. Alden after Gulf Coast learned of the fact and reasons behind Dr. Alden's release from Allied.

35.

For about a year following his release from Allied, Dr. Alden had difficulty finding comparable work and received considerably less compensation than he would had he not been induced to associate with Allied in August, 1999.

36.

The actions of the defendants have also defamed Dr. Alden, damaged his reputation personally and professionally, and caused him severe emotional and psychological distress.

WHEREFORE, after all delays and legal proceedings are had, the Plaintiff prays that this Court grant him all legal and equitable relief to which he may be entitled.

Respectfully submitted,

LAW OFFICE OF GREGORY P. NICHOLS

**GREGORY P. NICHOLS**, T.A.
Bar No. 23883
2900 Energy Center
1100 Poydras Street
New Orleans, LA 70163
Telephone: (504) 585-7336

**ATTACHMENT TO CIVIL COVER SHEET**

**Alden v. Allied Adult and Child Clinic, et. al.**

Plaintiff's Attorney:

1) **GREGORY P. NICHOLS**
Bar No. 23883
2900 Energy Center
1100 Poydras Street
New Orleans, LA 70163
Telephone: (504) 585-7336